Filed 2/1/23  In re K.S. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re K.S., A Person Coming Under the Juvenile Court Law. | B317847 |
| _____ | (Los Angeles County Super. Ct. No. 21CCJP05179) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| B.S., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Terry Truong, Judge Pro Tempore.  Dismissed.

Elizabeth C. Alexander, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Melania Vartanian and Sally Son, Deputy County Counsel, for Plaintiff and Respondent.

B.S. (Father) appeals from juvenile dependency jurisdiction and disposition orders concerning his son, K.S. (Minor), which were made after the juvenile court found the Indian Child Welfare Act (ICWA) inapplicable. The jurisdiction finding was predicated on evidence of a history of domestic violence between Father and Y.C. (Mother), as well as on evidence of a history of substance abuse by both parents. The juvenile court removed Minor, who was two and a half years old at the time, from his parents' custody and ordered reunification services for both parents.

The sole issue raised in Father's opening brief on appeal is a claim that the juvenile court and the Los Angeles County Department of Children and Family Services (the Department) did not comply with their inquiry obligations under ICWA and related California law. In a letter brief, the Department conceded it had not undertaken an appropriate ICWA inquiry at the time of the court's jurisdiction and disposition orders and agreed to a remand for further inquiry.

Following this court's initial review of the parties' submissions, we invited the parties to file supplemental letter briefs addressing the impact of our recent decision in *In re Baby Girl M.* (2022) 83 Cal.App.5th 635 (*Baby Girl M.*) on this appeal. The Department, in its supplemental brief, took the position that post-judgment developments had rendered Father's appeal moot—as was the case in *Baby Girl M.* (*Id.* at 637-639.) Specifically, the Department argued we cannot provide Father with any effective relief because, while the appeal has been pending, the juvenile court issued an order directing the Department to interview available maternal and paternal relatives about Minor's possible Indian heritage and report the

2

results of its inquiries.[1]  Father's supplemental brief disputes neither the Department's understanding of the impact of our holding in *Baby Girl M.* nor the conclusion that his appeal has been rendered moot.  Instead, Father expresses only concern that dismissal of the appeal would "validate[ ] without consequence" the Department's initial inaction and observes that the burden of ensuring compliance with ICWA's inquiry obligations should not be placed on parents and their counsel.

The present appeal is materially indistinguishable from the appeal in *Baby Girl M.*  The cause is accordingly moot for the same reasons articulated in that opinion, and we decline to exercise our discretion to opine on the moot issue presented (see generally *In re D.P.* (Jan. 19, 2023, S267429) ___ Cal.5th ___ [2023 WL 310256]).

---

[1]     Pursuant to the Department's unopposed request, we take judicial notice of the juvenile court's October 3, 2022, order to that effect.

DISPOSITION

The appeal is dismissed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.


We concur:



MOOR, J.



KIM, J.